PALMER *v.* STOCKBERGER ET AL.

[No. 19,851. Filed November 21, 1963.]

*Kizer & Neu,* of Plymouth, for appellant.

*Stevens & Wampler,* of Plymouth, for appellee, Stockberger.

*Donald K. Travis,* of Plymouth, for appellee, William J. Hepler.

MOTE, C. J.—Appellee, Wayne Stockberger, instituted this suit in the trial court where he asked recovery of unpaid wages, expenses, liquidated damages and attorney fees.

The trial court awarded appellee Stockberger judgment in the sum of two hundred and eighty-nine ($289.00) dollars which included one hundred and eight dollars and fifty cents ($108.50) for unpaid wages, one hundred and eight dollars and fifty cents ($108.50) for liquidated damages and attorney fees in the amount of seventy-two ($72.00) dollars.

Appellant then commenced this appeal and asks this court to set aside the judgment and grant a new trial.

It appears that the same persons, the same issues, and the same pattern of facts are involved in this case as were involved in the case of *Charles Palmer* v. *Kenneth Stockberger*, No. 19852, which was recently decided by this court. It was held therein that liquidated damages and attorney fees were improperly awarded, and a remittitur was ordered; however, that portion of the judgment pertaining to unpaid wages and expenses was upheld.

In the instant case, however, there was no award for expenses; therefore, we are concerned only with unpaid wages, liquidated damages and attorney fees.

On authority of the case of *Charles Palmer* v. *Kenneth Stockberger, supra,* we arrive at the same conclusion. The remittitur required, however, is in a different sum. Hence, a remittitur in the sum of one hundred and eighty dollars and fifty cents ($180.50), which includes the amount of one hundred and eight dollars and fifty cents ($108.50) for liquidated damages, and the amount of seventy-two ($72.00) dollars attorney fees, is hereby ordered. If such remittitur is filed within thirty (30) days from the date hereof, the judgment as so remitted is affirmed; otherwise, it is reversed with instructions to the trial court to grant a new trial.

Hunter, Kelley and Pfaff, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 916.